IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:06-CR-267-1BO
5:16-CV-382-BO

| | | |
|---|---|---|
| HASSAN SHABAZZ, | ) | |
|     Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 62]. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

On December 7, 2006, petitioner pleaded guilty, pursuant to a plea agreement, to count one and count three of his indictment. Therefore, he was convicted of possessing with intent to distribute a quantity of cocaine base, in violation of 18 U.S.C. § 841(a)(1), and unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(c). [DE 18]. Petitioner was sentenced to a total term of 200 months imprisonment, to be served concurrently. On June 13, 2016, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner contends, *inter alia*, that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government, waiving its procedural defenses, finds that application of *Johnson* and *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016) to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). This Court agrees. The government requests that the Court decline to hold a resentencing hearing, and merely correct Mr. Shabazz's sentence on count three, as his sentence on count one could remain unchanged. But having determined that Mr. Shabazz's sentence on count three is unlawful, the Court in its discretion will hold a full resentencing hearing in this case. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007).

Review of Mr. Shabazz's presentence report reveals that the armed career criminal enhancement drove his advisory sentencing guidelines range calculation, and thus the advisory range must be recalculated without the now unlawful enhancement. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

## CONCLUSION

Accordingly, petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 62] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice.

SO ORDERED, this 12 day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE